JOHN FUREY, PETITIONER-RESPONDENT, v. THOMPSON-STARRETT COMPANY, DEFENDANT-PROSECUTOR.

Decided April 7, 1923.

**Workmen's Compensation—Liability for Injury Where Employe of General Contractor was Injured While in Employ of Subcontractor.**

On *certiorari* to the Atlantic County Court of Common Pleas.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *Howard L. Miller.*

For the respondent, *Katzenbach & Hunt.*

PER CURIAM.

There was an award of compensation made, by Charles N. Corbin, a referee of the Workmen's Compensation Bureau, under the Workmen's Compensation act in favor of the petitioner-respondent, and upon appeal by the defendant-prosecutor to the Atlantic County Court of Common Pleas, the award made was there affirmed. The legal propriety of the award is now before us on writ of *certiorari.*

The referee and the Common Pleas Court both found that at the time of the petitioner's injury he was in the employ of the prosecutor and that the accident arose out of and in the course of the former's employment. If there is any testimony which tends to sustain these findings, the award should not be. disturbed. That the petitioner was injured in an accident arising out of and in the course of his employment was and is not disputed. The disputed question, which is one of mixed law and fact, is, in whose employ was the petitioner at the time of his injury?

The prosecutor, Thompson-Starrett Company, was the general contractor who was engaged in constructing the annex to the Ambassador Hotel in Atlantic City. James Ferry & Sons were subcontractors to do the concrete work on the building. The petitioner on February 1st, 1920, was in the employ of the prosecutor, as a structural iron worker. On the night of the accident Mr. Ferry, the president of James Ferry & Sons, asked the superintendent of the prosecutor to let him have the company's derrick and men to operate. It further appears after the petitioner had finished his work for the day for the prosecutor, the petitioner was directed by the prosecutor's foreman to assist in the concrete work which was being done by the subcontractor, and while the petitioner was performing such work he met with his injury which was caused by the falling of two planks, across which he was necessarily walking in the discharge of his duties. The accident happened at six forty-five P. M. after his usual working hours which appear to have been four-thirty.

The contention of counsel of the prosecutor is that the petitioner at the time of the accident was not in the employ of the prosecutor, and in support of this contention argues, that the petitioner had ceased his day's labors with the prosecutor at five P. M.; that he was under the control and direction of Ferry & Sons or their agents at the time of the accident; that he was doing concrete work which is afield from his services for the prosecutor; that he was not under the control of the prosecutor, after five P. M., the union hours for ceasing labor and was not its to be loaned; that he knew Ferry & Sons had the concrete work and had been employed by them before, and that the lure of additional compensation was the magnet that continued his labor into the night.

We think the facts of this case fall within the decision of this court in *Rongo* v. *Waddington*, 87 *N. J. L.* 395, which case is controlling upon us.

Here, the prosecutor consented that the petitioner do the extra work, the effect of which was to enlarge the petitioner's scope of employment. No relation of master and servant

could have arisen between Ferry & Sons and the petitioner under the Workmen's Compensation act since the work to be performed was only casual. No such relation could have arisen under the common law, because it was not the intention of either party that such relation should be created. If an injury had happened to a third person through the negligence of the petitioner, an entirely different question would be presented in an action at law by the injured party.

Judgment is affirmed, with costs.